**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

VERRAGIO, LTD.,

                    Plaintiff,

                                                    Case No.

          vs.

KAMNI VERMA D/B/A DESIGNS BY
KAMNI,

                    Defendant.

---

## COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT

---

Plaintiff Verragio, Ltd. ("Verragio"), by and through its attorneys, files its complaint against Defendant Kamni Verma dba Designs By Kamni for injunctive relief and damages as follows:

### Subject Matter Jurisdiction and Venue

1.        This case is a civil action arising under the Copyright Laws and Trademark Laws of the United States, 17 U.S.C. §§ 101, *et seq*., and 15 U.S.C. §§ 1051, *et seq*, respectively.  This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement and trademark infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

2.        Venue is proper in this court pursuant to 28 U.S.C. §§ 1391 and 1400(a).  Kamni Verma dba Designs By Kamni ("Kamni")  is a resident of New York and/or a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in New York.

**Parties and Personal Jurisdiction**

3.      Verragio is a New York corporation with its principal place of business at 330 5th Avenue, 5th Floor, New York, NY 10001.

4.      Kamni has her principal place of business at 50 W. 47th St., #1904, New York, NY 10036-8621.

5.      This Court has personal jurisdiction over Kamni because Kamni transacts business and has other related activities within the Southern District of New York.  Kamni regularly does and solicits business and derives substantial revenue from doing business in this Judicial District, including attending trade shows in this Judicial District.

**The Business of Verragio**

6.      Barry Nisguretsky ("Nisguretsky") is the owner of Verragio.

7.      For over 20 years, Nisguretsky has been an innovator in the design, creation, and marketing of fine jewelry.  Nisguretsky designs his own jewelry and has created exclusive collections from only top quality material.

8.      Among Nisguretsky's jewelry designs are V-903-CU6, an original design comprising copyrightable subject matter under the laws of the United States.

9.      V-903-CU6 is part of Verragio's Classic Collection.

10.     At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq*., and secured the exclusive rights and privileges in and to the copyrights in V-903-CU6.  A picture of V-903-CU6 is attached to this Complaint as Exhibit 1.

11.     Nisguretsky has received a Certificate of Registration from the Register of Copyrights for V-903-CU6 (Certificate No. VA 1-931-608), a copy of which is attached to this Complaint as Exhibit 2.

12.     Nisguretsky has exclusively licensed his copyrighted jewelry designs to Verragio, including V-903-CU6.

13.     Since its creation, V-903-CU6 has been manufactured by Verragio, or under its authority.

14.     Each engagement ring in Verragio's Classic Collection, as well as in most of the other Verragio collections, contains the Verragio Crest.  The Verragio Crest, as it applies to jewelry, "consists of the configuration of a crest in the shape of a crown with three points featured as a part of a ring design."  Verragio owns a United States trademark registration for the Verragio Crest, Registration No. 4,336,434.   A copy of the Registration Certificate for this registration is attached to this Complaint as Exhibit 3.

15.     Verragio has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing and marketing of its jewelry featuring the Verragio Crest.

16.     Verragio advertises its products, including jewelry that contains the Verragio Crest, in social media including Facebook, Pinterest, Twitter, YouTube, Instagram, Google+ and over the World Wide Web through its website www.verragio.com.

17.     Verragio jewelry bearing the Verragio Crest has been sold to retail stores throughout the United States.  These retail stores display and offer for sale to the general public jewelry that contains the Verragio Crest.

18.     Verragio jewelry bearing the Verragio Crest has had outstanding commercial success.  As a result, jewelers and the public recognize the Verragio Crest as designating an exclusive source, thereby creating a goodwill which inures to Verragio's benefit.

**The Business of Kamni**

19.     Verragio is informed and believes, and on that basis alleges, that Kamni is a wholesale designer, manufacturer and/or distributor of jewelry to the jewelry industry and is in the business of designing, manufacturing, marketing and selling fine jewelry.

20.     Verragio is informed and believes, and on that basis alleges, that Kamni operates its jewelry business in direct competition with retailers that purchase jewelry from Verragio.

21.     Verragio is informed and believes, and on that basis alleges, that Kamni sells its jewelry to, and actively solicits and seeks as customers, the same customers and consumers as those retailers that purchase jewelry from Verragio.

22.     Verragio is informed and believes, and on that basis alleges, that that Kamni sells its jewelry to jewelers, retailers, and/or consumers within this Judicial District, and specifically markets its jewelry within this Judicial District.

23.     Verragio has not authorized Kamni to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is substantially similar to the copyrighted jewelry design of V-903-CU6 or any other copyrighted ring design licensed to Verragio.

24.     Verragio has not authorized Kamni to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is confusingly similar to the Verragio Crest trademark.

25.     Verragio is informed and believes, and on that basis alleges, that Kamni has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are substantially similar to the copyrighted jewelry design of V-903-CU6, and other copyrighted ring designs licensed to Verragio.

26.     Verragio is informed and believes, and on that basis alleges, that Kamni has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are confusingly similar to the Verragio Crest trademark.

27.     Pictures of some of these unauthorized and infringing pieces of jewelry are attached to this Complaint as Exhibit 4.

28.     For example, Kamni sold a ring which infringes Verragio's copyright in V-903-CU6 and which improperly uses the Verragio Crest.  A comparison of V-903-CU6 to Kamni's Ring follows:

 

Verragio Style No. V-903-CU6                    Kamni Ring

## First Cause of Action

(Copyright Infringement Under 17 U.S.C. § 101 *et seq.*)

29.     Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 28 of this Complaint as though fully set forth.

30.     Kamni's acts constitute infringement of Verragio's licensed copyrights in V-903-CU6 in violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*

31.     Verragio is informed and believes, and on that basis alleges, that Kamni's manufacture, distribution, duplication and/or sale of infringing copies of V-903-CU6 was deliberate, willful, malicious, oppressive, and without regard to Verragio's proprietary rights.

32.     Kamni's copyright infringement has caused, and will continue to cause Verragio to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to V-903-CU6 and further, has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined.  In addition, Verragio is entitled to receive the profits made by Kamni from its wrongful acts pursuant to 17 U.S.C. § 504.  Alternatively, Verragio is entitled to recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

33.     Kamni's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury.  It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for Kamni's acts and continuing acts.  Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Kamni.  Therefore, Verragio is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under

17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of V-903-CU6, and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

34.    Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**Second Cause of Action**

(Trademark Infringement Under 15 U.S.C. § 1114(1))

35.    Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 34 of this Complaint as though fully set forth here.

36.    Kamni's use in commerce of Verragio's federally registered trademark in the Verragio Crest is likely to cause confusion, mistake, or to deceive.

37.    The above-described acts of Kamni constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Verragio to relief.

38.    Kamni has unfairly profited from the trademark infringement alleged.

39.    By reason of Kamni's acts of trademark infringement, Verragio has suffered damage to the goodwill associated with the Verragio Crest.

40.    Kamni's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and its federally registered trademark.

41.    Kamni's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

42.    By reason of Kamni's acts of trademark infringement, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted by Kamni.  Accordingly, Verragio is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

43.     By reason of Kamni's willful acts of trademark infringement, Verragio is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

44.     This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**Third Cause of Action**

(Trademark Infringement and False Designation of Origin

Under 15 U.S.C. § 1125(a))

45.     Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 44 of this Complaint as though fully set forth.

46.     Verragio's jewelry incorporating the Verragio Crest has a unique and distinctive design which designates a single source of origin.

47.     Kamni's use in commerce of the Verragio Crest is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Kamni's goods or service are authorized, sponsored or approved by or are affiliated with Verragio.

48.     The above-described acts of Kamni constitute trademark infringement of the Verragio Crest and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Verragio to relief.

49.     Verragio is being damaged and is likely to be damaged in the future by Kamni's infringement by reason of the likelihood that purchasers of Kamni's goods will be confused or mistaken as to source, sponsorship or affiliation of Kamni's jewelry.

50.     Kamni has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

51.     By reason of the above-described acts of Kamni, Verragio has suffered and will continue to suffer damage to the goodwill associated with the Verragio Crest.

52.     The above-described acts of Kamni have irreparably harmed and, if not enjoined, will continue to irreparably harm Verragio and the Verragio Crest.

53.     The above-described acts of Kamni have irreparable harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

54.     By reason of the above-described acts of Kamni, Verragio's remedy at law is not adequate to compensate it for the injuries inflicted.  Accordingly, Verragio is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

55.     Because the above-described acts of Kamni were willful, Verragio is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

56.     This is an exceptional case making Verragio eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Prayer for Relief

Therefore, Verragio respectfully requests judgment as follows:

1.     That the Court enter a judgment against Kamni that Kamni has:

   a.   infringed the rights of Verragio in Verragio's federally registered copyrights under 17 U.S.C. § 501;

   b.   infringed the rights of Verragio in its federally registered trademark in its Verragio Crest in violation of 15 U.S.C. § 1114; and

   c.   infringed the rights of Verragio in the Verragio Crest in violation of 15 U.S.C. § 1125.

2.      That each of the above acts by Kamni were willful.

3.      That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Kamni and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Kamni, from:

      (a)      manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Kamni that is confusingly similar to the Verragio Crest, or that is substantially similar to V-903-CU6 or any other copyrighted design licensed to Verragio;

      (b)      destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry;

      (c)      engaging in any other activity constituting an infringement of Verragio's trademark rights in the Verragio Crest and/or Verragio's licensed copyrighted jewelry designs; and

      (d)      assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 3(a) through 3(c) above.

4.      That Verragio be awarded damages for Kamni's trademark infringement, and unfair competition.

5.      That Verragio be awarded Kamni's profits resulting from its infringement of Verragio's trademark.

6.     That Kamni be ordered to account to Verragio for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above.

7.     That damages resulting from Kamni's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8.     That Verragio be awarded damages for Kamni's copyright infringement in the form of either: (i) actual damages in an amount to be determined at trial, together with Kamni's profits derived from its unlawful infringement of Verragio's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Verragio's election before the entry of final judgment, together with prejudgment and post-judgment interest.

9.     That the Court issue a Permanent Injunction enjoining and restraining Kamni and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Kamni, from:

      (a)     copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using the Verragio Crest or infringing copies of Verragio's licensed copyrighted jewelry designs;

      (b)     engaging in any other activity constituting an infringement of any of Verragio's trademarks or licensed copyrighted jewelry designs; and

      (c)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 9(a) through 9(b) above.

10.     That the Court issue an Order at the conclusion of the present matter that all infringing copies of jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

11.     That the Court award Verragio its reasonable attorneys' fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

12.     That the Court award Verragio its costs of suit incurred herein.

13.     That Verragio be awarded such other relief as may be appropriate, including costs of corrective advertising.


Dated:      New York, New York
            January 8, 2018.

                              Respectfully submitted,

                              VLADIMIR TSIRKIN & ASSOCIATES, LLC


                              By:    s/Vladimir Tsirkin_____
                                     Vladimir Tsirkin
                                     104 N. Broadway Suite A
                                     South Amboy, New Jersey 08879
                                     (732) 525-2200

                                     *Attorneys for the Plaintiff Verragio, Ltd.*

## DEMAND FOR TRIAL BY JURY

Plaintiff Verragio, Ltd. hereby demands a trial by jury to decide all issues so triable in this case.

Dated:    New York, New York
          January 8, 2018.

                                        Respectfully submitted,

                                        VLADIMIR TSIRKIN & ASSOCIATES, LLC


                                        By:  __s/Vladimir Tsirkin_____
                                             Vladimir Tsirkin
                                             104 N. Broadway Suite A
                                             South Amboy, New Jersey 08879
                                             (732) 525-2200

                                             *Attorneys for the Plaintiff Verragio, Ltd.*